UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAH RAINE LEIDLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br><br>Defendant. | Case No.: 25-cv-1424-GPC-MMP<br><br>**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

Plaintiff Mariah Raine Leidle ("Plaintiff") files this action in federal court, seeking judicial review of a final adverse decision of the Commissioner pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). ECF No. 1. Plaintiff concurrently filed an application to proceed *in forma pauperis* (the "IFP Application"), which is presently before the Court. ECF No. 2.

## REQUEST TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee. 28 U.S.C. § 1914(a). Courts may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit,

including a statement of all her assets, demonstrating inability to pay the filing fee. 28 U.S.C. § 1915(a); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Under 28 U.S.C. § 1915, indigency is the benchmark for whether a plaintiff may proceed IFP. The determination of indigency falls within the district court's sound discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "[s]ection 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), rev'd on other grounds, 506 U.S. 194 (1993). A party need not be completely destitute to satisfy the IFP indigency threshold. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To qualify for IFP status, a plaintiff must submit an affidavit showing that the applicant cannot pay the fee and "still be able to provide himself and dependents with the necessities of life." *Id.* at 339. The affidavit must "state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

However, "care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Skylar v. Saul*, 2019 WL 4039650, at *3 (S.D. Cal. Aug. 27, 2019).

Plaintiff's IFP Application establishes that Plaintiff is receiving assistance from her family. ECF No. 2 at 4. She receives Medicaid and a monthly sum of $100 in EBT assistance. *Id.* at 1-2. She has $25 in cash and a used vehicle manufactured in 2019. *Id.* at 2-3. She has no stream of income and no monthly expenses. *Id.* at 2, 4-5.

Plaintiff seems to indicate on her application that she has $30,000 in her Navy Federal Credit Union account. *Id.* at 2. The figure of 30,000 appears in the table cell

labeled "Type of account," but the Court construes this as representing the amount that Plaintiff has in her Navy Federal account. This is a reasonable assumption as there is no Navy Federal account type called "30,000."

Based on the foregoing, the Court finds Plaintiff has sufficiently shown she can pay the filing fee and still afford the necessities of life. The Court, therefore, DENIES Plaintiff's IFP Application.

## *SUA SPONTE* SCREENING

Complaints filed by any person proceeding IFP are subject to mandatory screening by the Court under 28 U.S.C. § 1915(e)(2)(B). Courts must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal"). "[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners," but extend to all IFP pleadings. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

Since becoming effective on December 1, 2022, the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C § 405(g) ("Supplemental Rules") govern the standard for screening complaints in the Social Security appeals context and "establish a simplified procedure…" Fed. R. Civ. Proc. Supp. Soc. Sec. R. advisory committee's note; *see also Vaughn J. v. O'Malley*, 2024 WL 3732480, at *2 (S.D. Cal. Aug. 8, 2024) ("[I]n the context of a Social Security action, the Court applies the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ... to determine whether the Complaint states a claim for relief.") (citations omitted). To the extent that the Federal Rules of Civil

Procedure are inconsistent with the Supplemental Rules, the Supplemental Rules control. Fed. R. Civ. Proc. Supp. Soc. R. 1 (b).

Supplemental Rule 2(b) sets forth the currently applicable minimum pleading requirements for Social Security complaints under these Supplemental Rules. *See* Fed. R. Civ. P. Supp. Soc. Sec. R. advisory committee's note ("Supplemental Rules 2, 3, 4, and 5 are the core of the provisions that are inconsistent with, and supersede, the corresponding rules on pleading, service, and presenting the action for decision."). The Rule requires that the complaint:

(A) state that the action is brought under § 405(g);

(B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;

(C) state the name and the county of residence of the person for whom benefits are claimed;

(D) name the person on whose wage record benefits are claimed; and

(E) state the type of benefits claimed.

Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A)–(E). Additionally, Rule 2(b)(2) provides that the complaint "*may* include a short and plain statement of the grounds for relief." *Id.* at 2(b)(2) (emphasis added).

Plaintiff's complaint states a claim on which relief may be granted: (A) it states the action is brought under 42 U.S.C. § 405(g); (B) it identifies the final administrative decision to be reviewed; (C) it provides Plaintiff's name and states she resides in Vista, California, which is within San Diego County; (D) it identifies Plaintiff as the person on whose wage record benefits are claimed; and (E) it states Social Security Disability and Supplemental Security Income as the type of benefits claimed. ECF No. 1 at 1–2. There are no indications that Plaintiff's complaint is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.

Accordingly, the Court finds that the Complaint survives screening under 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's IFP Application. ECF No. 2. And after having reviewed Plaintiff's Complaint, the Court finds that it survives screening, and the action may proceed.

The Court ORDERS the Plaintiff to pay the filing fee in full to the Clerk of the Court within thirty (30) days of this Order. If the Court does not receive the filing fee within 30 days, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED.**

Dated: July 16, 2025

Hon. Gonzalo P. Curiel
United States District Judge